JOHN T. LORING *vs.* JOHN G. PARK & others, Executors.

A member of a corporation to which property is given by a will, in trust for charitable uses is a competent witness to the will.

APPEAL from a decree of the judge of probate, allowing the will of Jonathan Loring. One reason of the appeal was incompetency of the attesting witnesses.

By the will a large part of the testator's property was given, in trust for the First Parish in Groton, to the Trustees of Groton

Ministerial Fund, a corporation created by *St.* 1803, *c.* 86, and the acts in addition thereto. Caleb Butler, one of the attesting witnesses to the will, was one of said trustees and a member of said parish. *Metcalf,* J., reserved for the full court the question whether Butler was a competent witness.

*J. G. Abbott,* for the appellant, was first called upon. The cases of *Hawes* v. *Humphrey,* 9 Pick. 361, and *Haven* v. *Hilliard,* 23 Pick. 10, have settled that the provision of the statutes of Massachusetts, that " members of any parish, or incorporated or legally organized religious society " may be competent witnesses in any suit to which the corporation is a party, extends to witnesses to a will. But the trustees of the Groton Ministerial Fund are not such a corporation. The new practice act expressly excepts from its operation attesting witnesses to a will. *St.* 1852, *c.* 312, § 60. Butler was therefore an incompetent witness ; for every trustee is directly interested to increase the fund under his management and control, and thereby the amount of his compensation. 1 Greenl. Ev. § 391. *Burton* v. *Hinde,* 5 T. R. 174.

*E. R. Hoar & B. Russell,* for the appellees.

SHAW, C. J. The witness Butler, not being a party to the record, and not having any beneficial interest in the result, was a competent witness. *Case to stand for trial.*